ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
DEC 27 2006
U.S. COURT OF FEDERAL CLAIMS

EASTERN SHOSHONE INDIAN TRIBE and NORTHERN ARAPAHO INDIAN TRIBE,

*Plaintiffs,*

v.

THE UNITED STATES,

*Defendant.*

No. 06-903 L

**COMPLAINT**

The Eastern Shoshone Indian Tribe and Northern Arapaho Indian Tribe ("Tribes") allege as follows:

1. **Jurisdiction.** This Complaint is filed pursuant to 28 U.S.C. §§ 1491 and 1505.

2. **Status of Plaintiffs.** The Tribes are federally recognized Indian tribes based on the Wind River Indian Reservation ("Reservation") in Wyoming.

3. **Non-Duplication; Related Cases.** This Complaint does not duplicate any claim now pending before this or any other court. As indicated in the Notice of Directly Related Cases, however, this Complaint asserts claims which are similar to claims pending before this Court, but for different time periods. All claims set forth herein relate to the period commencing January 1, 2001, and extending to the date of the filing of this Complaint ("Relevant Period").

4. **Co-Ownership of Reservation.** Throughout the Relevant Period, the Tribes have been the beneficial co-owners of most of the lands of the Wind River Reservation, which the United States holds jointly for the Tribes in trust.

5. **Trust Obligations – Oil and Gas.** Under a series of federal statutes and regulations, the United States has trust obligations and management responsibilities for oil and gas resources beneficially owned by the Tribes. Oil and gas leases and other agreements have been issued under the authority of several statutes, including the Act of August 21, 1916, Ch. 363, § 1, 39 Stat. 519 ("1916 Act"), the Indian Mineral Leasing Act of 1938, Ch. 198, 52 Stat. 347, codified at 25 U.S.C. §§ 396a-396g ("1938 Act"), and the Indian Mineral Development Act of 1982, Pub. L. No. 97-382, 96 Stat. 1938, codified at 25 U.S.C. §§ 2101-2108 ("1982 Act"). Regulations implementing these statutes during the Relevant Period include 25 C.F.R. parts 211, 225 and 227, and 30 C.F.R. parts 201, 202, 206 and 218. Among the purposes of these statutes and regulations are to "ensure that Indian mineral owners desiring to have their resources developed are assured that they will be developed in a manner that maximizes their best economic interests and minimizes any adverse environmental impacts or cultural impacts resulting from such development." *E.g.*, 25 C.F.R. § 211.1(a).

6. **Oil and Gas Royalties – General.** The United States mismanaged the Tribes' trust oil and gas resources by, without limitation, failing to collect from lessees the proper amount of royalties and other payments due under federal regulations and lease terms. The damages include the difference between amounts actually collected and amounts that should have been collected under federal law. As used in this Complaint, "lessee" includes any operator or other business entity that is party to a minerals agreement with the Tribes under the 1982 Act, even if such agreement is denominated something other than a lease. "Royalties" includes all amounts accruing to the Tribes under a 1982 Act minerals agreement, including net profit shares. "Gas" includes coal bed methane.

7. **Oil and Gas Royalties – Major Portion Analysis.** In multiple instances during the Relevant Period, the United States failed to assure that oil and gas was not undervalued for royalty purposes by failing to conduct a "major portion analysis" as required under lease terms and federal regulations, including 30 C.F.R. §§ 206.52(a) (oil) and 206.172(a) (gas).

8. **Oil and Gas Royalties – Gross Proceeds from Affiliates.** In those instances in which royalty value should be based upon gross proceeds, the United States failed to assure that royalties were based on all consideration received, including by marketing affiliates, as required under 30 C.F.R. § 206.52(b) (oil) and 30 C.F.R. § 206.172 (gas).

9. **Oil Royalties – Gross Proceeds – Benchmarks.** In those instances in which gross proceeds did not reflect reasonable value due to misconduct by contracting parties, or lessee breached its duty to market production for the mutual benefit of lessor and lessee, or production was not sold in arm's length transactions, the United States failed to meet its obligation to require alternative valuation based on the benchmarks indicated in 30 C.F.R. § 206.52(c).

10. **Oil and Gas Royalties – Marketable Condition.** In those instances in which the lessee based royalties on gross proceeds less costs improperly deducted to place oil and gas in marketable condition, as provided by 30 C.F.R. § 206.52(i) (oil) or 30 C.F.R. §§ 206.171 and 172 (gas), the United States failed to meet its obligation to assure royalties were paid on the full value, without such deductions.

11. **Oil and Gas Royalties – Transportation Allowances.** In those instances in which the lessee based royalties on value reduced to reflect transportation allowances, as provided by 30 C.F.R. §§ 206.54 and 206.55 (oil) and 206.177 and 206.178 (gas), the United States failed to meet its obligation to assure that royalties were not reduced based on improper or excess claims for such allowances.

**12. Gas Royalties – Processing Allowances.** In those instances in which natural gas was processed to extract and sell natural gas liquids (NGLs), the United States failed to meet its obligation to assure that royalties were not reduced based on failure to perform dual accounting or accounting by comparison, as required by 30 C.F.R. §§ 206.173 and 176, or failure to assure that royalties were not reduced based on improper or excess claims for processing allowances, as provided by 30 C.F.R. §§ 206.179 through 206.181.

**13. Oil and Gas Royalties – Timeliness.** Royalties during the Relevant Period were typically required to be paid by the last day of the calendar month following the production. Payment deadlines were set forth in the leases and in applicable regulations, especially 30 C.F.R. part 218. To the extent that the United States failed to require that lessees pay royalties timely, the Tribes are entitled to damages, including lost earnings and penalties.

**14. Oil and Gas Royalties – Other.** In addition to the foregoing, the Tribes on information and belief allege that the United States failed to collect the full amount of royalties owed the Tribes by other failures to follow the requirements of 30 C.F.R. parts 206 and 218.

**15. Oil and Gas Leases – Failure to Terminate.** The United States has failed to terminate leases for lease violations or non-production, in violation of federally-mandated lease terms and regulations, including 25 C.F.R. §§ 211.27, 211.47 and 227.22.

**16. Oil and Gas Leases – Drainage.** The United States has failed either to require drilling and production of wells to offset and protect tribal leases from drainage, or to require the lessees to pay compensatory royalties, in violation of federal regulations, including 25 C.F.R. §§ 211.47 and 227.23..

**17. Oil and Gas – Failure to Collect Proper Royalty Due to Lease Conversion.** The United States improperly approved the conversion of certain oil and gas leases from leases under

the 1916 Act, the royalty rates of which are subject to re-negotiation every ten years, to leases under the 1938 Act, which are held indefinitely so long as oil or gas is produced in paying quantities. *Compare* 25 C.F.R. §§ 211.27 and 227.5. As a result, the United States has improperly collected royalties at rates which are lower than would have been obtained without such unlawful conversion.

**18. Oil and Gas Leases – Environmental Damage.** The United States has failed to assure that oil and gas lessees have abided by their responsibilities under federal environmental laws and regulations and associated lease terms, as required under, *e.g.*, 25 C.F.R. §§ 211.1(a) and 43 C.F.R. part 3160. As a result, the Tribes have suffered damage to Reservation lands and waters.

**19. Trust Obligations – Funds.** Under another series of federal statutes and regulations, the United States has trust obligations and management responsibilities for funds it collects, holds and disburses to the Tribes and their members. Under the Act of May 19, 1947, Ch. 80, 61 Stat. 102, codified at 25 U.S.C. §§ 611 *et seq*., as well as §§ 161a, 161b and 162a, the United States is required to collect, divide, deposit, manage and disburse all royalty and related revenue derived from the Reservation for the benefit of the Tribes and their members.

**20. Trust Funds – Delay in Depositing.** During portions of the Relevant Period, the United States, in breach of its fiduciary duty to the Tribes and to the Tribes' detriment, may have delayed for unreasonable periods of time depositing the Tribes' funds in interest-bearing accounts in violation of law, including 25 U.S.C. §§ 611 *et seq*., and 161a, 161b and 162a, and 30 C.F.R. part 218.

**21. Trust Funds – Inadequate Earnings.** During portions of the Relevant Period, the United States has held the Tribes' trust funds in its treasury, or invested them for returns, at rates

below those required by law. During portions of the Relevant Period, there were readily available for acquisition with the Tribes' trust funds various obligations of the United States and its agencies, as well as guaranteed or secured bank certificates or obligations, and other eligible investments. The Tribes are entitled to damages for such failure under 25 U.S.C. §§ 611 *et seq.*, and 161a, 161b and 162a.

**22. Request for Relief.** The Tribes request the following relief:

**22.1 Compensatory Damages.** An award of damages against the United States as compensation for the injuries and losses caused through violations of its fiduciary responsibilities to the Tribes as set forth above.

**22.2 Interest as Part of Damages.** An award, as a part of their damages, of interest on all funds that were collected late, or which should have been collected for the Tribes but were not, or which resulted from losses to or mismanagement of trust funds, or that the Tribes were otherwise deprived of in violation of the United States' trust responsibility, from the date the funds should have been collected through payment of the funds to the Tribes.

**22.3 Attorneys Fees.** An award of attorneys fees under the Equal Access to Justice Act and other principles of law.

**22.4 Other Relief.** Such other relief as the Court deems just and appropriate.

Dated: December 27, 2006.

Respectfully submitted,

Harry R. Sachse
*Counsel of Record*
William F. Stephens
SONOSKY, CHAMBERS, SACHSE
ENDRESON & PERRY, LLP
1425 K Street, NW, Suite 600
Washington, DC 20005
(202) 682-0240 (Telephone)
(202) 682-0249 (Facsimile)
hsachse@sonosky.com
*Attorneys for Eastern Shoshone Tribe*

Richard M. Berley
*Counsel of Record*
Brian W. Chestnut
ZIONTZ, CHESTNUT, VARNELL,
BERLEY & SLONIM
2101 4th Avenue, Suite 1230
Seattle, WA 98121
(206) 448-1230 (Telephone)
(206) 448-0962 (Facsimile)
rberley@zcvbs.com
*Attorneys for Northern Arapaho Tribe*