**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| EASTERN SHOSHONE INDIAN TRIBE and NORTHERN ARAPAHO INDIAN TRIBE,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*. | **Electronically filed: February 26, 2007**<br><br>No. 06-903 L<br>Judge Emily Hewitt |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

For its answer to plaintiffs' complaint, defendant admits, denies and avers as follows:

1. The allegation contained in paragraph 1 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

2. Defendant admits that the Eastern Shoshone Indian Tribe and the Northern Arapaho Indian Tribe ("Plaintiffs") are federally-recognized Indian tribes residing on the Wind River Indian Reservation in Wyoming.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiffs' characterization of this action to which no response is required.

4. The allegations contained in paragraph 4 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the phrase "most of the lands of the Wind River Reservation" is vague and ambiguous, thus precluding a response from defendant. To the extent that a response is required, defendant admits that from January 1, 2001 until December 27, 2006, plaintiffs have been the beneficial owners of certain interests in the Wind River Reservation, which defendant holds in trust jointly for plaintiffs.

5. Defendant admits the allegations contained in the first sentence of paragraph 5 that defendant has certain obligations and management responsibilities for certain assets in accordance with applicable laws, statutes and regulations. Defendant avers that it shares responsibilities with plaintiffs in accordance with applicable laws, statutes and regulations. Defendant denies that it holds conventional trustee duties toward plaintiffs and in any event denies trustee duties except those set forth in treaties, statutes, and implementing regulations. Defendant further avers that the respective extent of plaintiffs and defendant's control and management of such property also are set forth in the provisions of, and the regulations implementing, statutes such as, but not limited to, the American Indian Agricultural Resource Management Act of 1993 (25. U.S.C. § 3701 et seq.) and the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as well as the contracts entered thereunder between plaintiffs and defendant (commonly known as "638 contracts").

The remaining allegations contained in paragraph 5 are conclusions of law and plaintiffs' characterization of this action conclusions to which no response is required. The cited statutes and regulations speak for themselves and are the best evidence of their contents.

6. The allegations contained in the first sentence of paragraph 6 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not cite specific instances, e.g., which lessees, what leases, what "proper amount or royalties and other payments due," thus precluding a response from defendant. Further avers that the cited "federal regulations and lease terms" speak for themselves and are the best evidence of their contents. To the extent the allegations contained in the first sentence of paragraph 6 may be deemed allegations of fact, they

are denied.

The allegation contained in the second sentence of paragraph 6 is a conclusion of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegation is vague and ambiguous because it does not cite specific information, e.g., what amounts were actually collected and what amounts should have been collected, thus precluding a response from defendant. Further avers that the cited "federal regulations and lease terms" speak for themselves and are the best evidence of their contents. To the extent the allegation contained in the second sentence of paragraph 6 may be deemed an allegation of fact, it is denied.

The allegations contained in the third, fourth, and fifth sentences of paragraph 6 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Further avers that the cited minerals agreement with the Tribes under the 1982 Act speaks for itself and is the best evidence of its contents.

7. The allegations contained in paragraph 7 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not cite the specific instances in which defendant allegedly failed to conduct a "major portions analysis," thus precluding a response from defendant. Further avers that the terms of the unspecified leases and cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 7 may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not cite the specific instances in which

"royalty value should be based upon gross proceeds" or in which instances defendant allegedly "failed to assure that royalties were based on all consideration received," thus precluding a response from defendant. Further avers that the terms of the cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 8 may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not cite any of the specific instances: (a) in which the "gross proceeds did not reflect reasonable value due to misconduct by contracting parties;" (b) as to the specific identify of who allegedly engaged in "misconduct," what that conduct consisted of or when it occurred; (c) in which the "lessee breached its duty to market production for the mutual benefit or lessor and lessee," and (d) in which "production was not sold in arm's length transactions." Plaintiffs' failure to specify precludes a response from defendant. Further avers that the terms of the cited federal regulation speaks for itself and is the best evidence of its contents. To the extent the allegations contained in paragraph 9 may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not cite the specific "instances" – by specific transaction, lessee, or lease – in which the United States allegedly "failed to meet its obligation to assure royalties were paid on the full value," nor do they cite the specific types of costs allegedly improperly deducted, thus precluding a response from defendant. Defendant

further avers that the cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 10 may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not identify the specific "instances" – by specific transaction, lessee, or lease – in which royalties were allegedly "not reduced based on improper or excess claims" of transportation allowances, thus precluding a response from defendant. Further avers that the cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 11 may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not cite the specific "instances" – by specific transaction, lessee, or lease – in which the United States allegedly "failed to meet its obligation to assure that royalties were not reduced based on failure to perform dual accounting or accounting by comparison" or allegedly "fail[ed] to assure that royalties were not reduced based on improper or excess claims for processing allowances,"nor do they identify the types of "processing allowances" allegedly involved in the specific transactions, thus precluding a response from defendant. Further avers that the cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 12 may be deemed allegations of fact, they are denied.

13. The allegations contained in the first and second sentences of paragraph 13 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied. Further avers that the terms of the unspecified leases and cited federal regulations speak for themselves and are the best evidence of their contents.

The allegation contained in the third sentence of paragraph 13 is a conclusion of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegation is vague and ambiguous because it (a) does not state that defendant failed to require that lessees pay royalties timely but expressly limits the allegation to the realm of the speculative "to the extent" scenario, (b) does not identify what lessees failed to pay royalties timely, and (c) does not identify the leases or specific months under which royalties were not paid timely. Plaintiffs' failure to specify precludes a response from defendant. To the extent the allegation contained in the third sentence of paragraph 13 may be deemed an allegation of fact, it is denied.

14. The allegations contained in paragraph 14 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they (a) do not cite the specific "instances" – by specific transaction, lessee, or lease – in which the United States allegedly "failed to collect the full amount of royalties owed the tribes," (b) do not specify what specific requirements of 30 C.F.R. parts 206 and 218 the defendant allegedly failed to follow, thus precluding a response from defendant. Further avers that the cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 14 may be

deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not cite the leases, do not identify the specific alleged lease violations , nor do they identify the leases for which allegedly there was non-production for which the United States allegedly "failed to terminate," thus precluding a response from defendant. Further avers that the cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 15 may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they (a) do not identify the wells for which the United States allegedly failed "either to require drilling and production of wells to offset and protect tribal leases from drainage," (b) do not identify the tribal leases allegedly affected by drainage, and (c) do not identify the lessees who allegedly failed to pay compensatory royalties, thus precluding a response from defendant. Further avers that the cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 16 may be deemed allegations of fact, they are denied.

17. The allegations contained in the first and second sentences of paragraph 17 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not identify the leases which the United States allegedly "improperly approved the conversion of

certain oil and gas leases under the 1916 Act . . . to leases under the 1938 Act," thus precluding a response from defendant. Further avers that the 1916 Act, 1918 Act, and cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in the first and second sentences of paragraph 17 may be deemed allegations of fact, they are denied.

The allegation contained in the third sentence of paragraph 17 is a conclusion of law and plaintiffs' characterization of this action to which no response is required; to the extent the allegation contained in the third sentence of paragraph 17 may be deemed an allegation of fact, it is denied.

18. The allegations contained in the first sentence of paragraph 18 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they (a) do not identify the oil and gas lessees that allegedly have not "abided by their responsibilities under federal environmental lawas and regulations and associated lease terms," (b) do not identify what "responsibilities" the oil and gas lessees have specifically failed to abide by, and (c) do not identify the leases under which oil and gas lessees have allegedly failed to abide by their responsibilities, thus precluding a response from defendant. Further avers that cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in the first sentence of paragraph 18 may be deemed allegations of fact, they are denied.

The allegation contained in the second sentence of paragraph 18 is a conclusion of law and plaintiffs' characterization of this action to which no response is required; to the extent the allegation contained in the second sentence of paragraph 18 may be deemed an allegation of fact,

it is denied.

19. The allegations contained in the first sentence of paragraph 19 are conclusions of law and plaintiffs' characterization of this action to which no response is required. To the extent the allegations contained in the first sentence of paragraph 19 are deemed allegations of fact, defendant admits that it has certain obligations and management responsibilities for funds that it collects, holds and disburses to the plaintiffs and their members. Avers that defendant shares responsibilities with plaintiffs in accordance with applicable laws, statutes and regulations. Defendant denies that it holds conventional trustee duties toward plaintiffs and in any event denies trustee duties except those set forth in treaties, statutes, and implementing regulations.

The allegations contained in the second sentence of paragraph 19 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Further avers that the Act of May 19, 1947, and the cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in the second sentence of paragraph 19 may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not identify the specific "portions of the Relevant Period" or the specific instances in which the United States allegedly "delayed for unreasonable periods of time depositing the Tribes' funds in interest-bearing accounts," thus precluding a response from defendant. Further avers that cited federal regulations speak for themselves and are the best evidence of their contents. To the extent the allegations contained in paragraph 20 may be deemed allegations of fact, they are denied.

21. The allegations contained in the first sentence of paragraph 21 are conclusions of law and plaintiffs' characterization of this action to which no response is required. Defendant avers that the allegations are vague and ambiguous because they do not identify the specific "portions of the Relevant Period" or the specific instances in which the United States allegedly "held the Tribes' trust funds in its treasury, or invested them for returns, at rates below those required by law," thus precluding a response from defendant.

The allegations contained in the second sentence of paragraph 21 are admitted generally insofar as there do exist "for acquisition with the Tribes' trust funds various obligations of the United States and its agencies, as well as guaranteed or secured bank certificates or obligations, and other eligible investments." Defendant avers, however, that whether such financial instruments were available at the specific times germane to the Relevant Period is vague and ambiguous based upon plaintiffs' allegations, thus precluding a more specific response from defendant. Defendant avers further that the Tribes' trust funds acquired the appropriate financial instruments in keeping with all applicable statutes and implementing regulations.

The allegation contained in the third sentence of paragraph 21 is a conclusion of law and plaintiffs' characterization of this action to which no response is required. Further avers that the cited federal statutory provisions speak for themselves and are the best evidence of their contents. To the extent the allegation contained in the third sentence of paragraph 21 may be deemed an allegation of fact, it is denied.

22. The remainder of the Complaint is plaintiffs' Request for Relief, to which defendant denies that plaintiffs are entitled to any of the relief requested.

**GENERAL DENIAL**

23. All allegations of the Complaint, whether express or implied, which have not been specifically admitted or otherwise answered are hereby denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs assert certain claims over which this Court lacks jurisdiction.

### Second Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2501.

### Fourth Defense

Plaintiffs assert claims that are barred, in whole or in part, by the doctrines of laches and equitable estoppel.

### Fifth Defense

To the extent that plaintiffs assert claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including, but not limited to, *Shoshone Tribe of Wind River v. United States*, 3 Ind. Cl. Comm. 313 (1954); *Shoshone Tribe of Wind River v. United States*, 11 Ind. Cl. Comm. 387 (1962) and *Shoshone Nation v. United States*, 19 Ind. Cl. Comm. 3 (1968).

### Sixth Defense

Defendant respectfully reserves the right to add additional affirmative defenses that may be also revealed by way of discovery in this matter.

Dated: February 26, 2007

Respectfully submitted,

MATTHEW McKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division

*s/ Terry M. Petrie*
Terry M. Petrie
United States Department of Justice
Environment & Natural Resources Division
General Litigation Section
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone: (303) 844-1369
Facsimile: (303) 844-1350
terry.petrie@usdoj.gov

Defendant's attorney

**OF COUNSEL**
THOMAS KEARNS
CANDACE BECK
United States Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
Washington, D.C. 20240

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing "Defendant's Answer to Plaintiffs' Complaint" has been served by electronic filing with the U.S. Court of Federal Claims upon plaintiffs this 26th day of February, 2007:

Harry R. Sachse
Sonosky, Chambers, Sachse,
Endreson & Perry, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005

*Counsel of Record for Eastern Shoshone Tribe*

Richard M. Berley
Ziontz, Chestnut, Varnell, Berley & Slonim
2104 4th Avenue, Suite 1230
Seattle, WA 98121

*Counsel of Record for Northern Arapaho Tribe*

*s/ Terry M. Petrie*
Terry M. Petrie