**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| EASTERN SHOSHONE INDIAN TRIBE and NORTHERN ARAPAHO INDIAN TRIBE,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | No. 06-903<br>Judge Emily C. Hewitt |

**JOINT PRELIMINARY STATUS REPORT**

The parties submit this Joint Preliminary Status Report (JPSR) as provided in Appendix A.III to the Court's rules. This case has already been consolidated with cases 79-458, 79-459, 79-4582, 79-4592, 79-4583, and 79-4593. *See* 1-5-2007 Order (Dkt. # 8). The consolidated litigation has been conducted in phases governed by court scheduling orders. *See especially* 12-15-2006 Order (79-4582, Dkt. # 35) for the currently operative such order in cases 79-4582 and 79-4592. The parties anticipate that this case will ultimately be managed as a separate phase of the consolidated litigation with its own scheduling order which would be proposed following completion of the current phase. As a result, we respectfully suggest that certain features of the JPSR case management procedure may not now be directly applicable. The balance of this JPSR is nonetheless set forth in the form indicated in Appendix A.III.

**(a) Jurisdiction.** Plaintiffs ("Tribes") allege the Court has jurisdiction under 28 U.S.C. §§ 1491 and 1505. Defendant ("United States") reserves all jurisdictional defenses.

**(b) Consolidation.** The case has already been consolidated with cases 79-458, 79-459, 79-4582, 79-4592, 79-4583, and 79-4593. *See* 1-5-2007 Order (Dkt. # 8). The Tribes suggested

in their Notice of Related Cases (Dkt. # 4) that it may be appropriate for the Court to establish a new sub-docket among the pre-existing consolidated cases to address the issues raised in the Complaint in this action. The United States did not oppose such consolidation as proposed by the Tribes. *See* Defendant's Response to Plaintiffs' Notice of Directly Related Cases (Dkt. # 7).

**(c) Bifurcation.** The parties do not propose at this time to bifurcate trial of liability and damages, although they reserve the right to make case management proposals at the appropriate time. In prior phases of the consolidated litigation, the court used other case management techniques to develop and clarify issues, primarily detailed scheduling orders, and it is anticipated that this new phase would be managed in similar fashion.

**(d) Deferral of proceedings.** Further proceedings in this portion of the consolidated litigation should be deferred until, at minimum, the currently active phase of the consolidated litigation – 79-4582 and 79-4592, also known as Oil and Gas Phase Two – is completed. Oil and Gas Phase Two addresses a broad range of claims relating to oil and gas produced from the Wind River Reservation over many years. The parties, and their experts and attorneys, are working diligently to resolve Oil and Gas Phase Two within a schedule established by court order (*See* 12-15-2006 Order (79-4582, Dkt. # 35)), and are devoting extensive time and resources to that project. The issues raised in the new Complaint largely track those raised in other phases, including Oil and Gas Phases One and Two. Deferral as suggested herein would further the orderly and efficient resolution of the consolidated litigation.

**(e) Remand or suspension.** The parties do not anticipate seeking a remand or suspension, as opposed to the deferral described in (d) above.

**(f) Joinder**. The parties do not anticipate seeking joinder of any additional parties.

**(g) Dispositive motions**. The parties reserve the right to file dispositive motions

consistently with a scheduling order to be entered for the new phase following the conclusion of Oil and Gas Phase Two.

**(h) Relevant factual and legal issues**. The Tribes' claims in the new Complaint are similar to those alleged in the Tribes' First Amended Petitions in the main docket of the consolidated litigation (*see* 79-458 & 79-459, Dkt. #s 445 & 446). Broadly speaking, the Tribes allege that the United States is liable to the Tribes for damages for breach of trust for alleged mismanagement of the trust natural resources of the Wind River Reservation, and alleged losses to or mismanagement of tribal trust funds. The principal difference between the new Complaint and the First Amended Petitions is that the new Complaint addresses the period from January 1, 2001, to the date of filing of the Complaint. Prior phases of the consolidated litigation extended no further forward than December 31, 2000.

**(i) Likelihood of settlement**. It is premature to assess the likelihood of settlement of claims raised in the new Complaint. The consolidated litigation has already yielded a series of settlements, which followed extensive negotiations interspersed with periodic court rulings on contested issues. No specific alternative dispute resolution process is currently contemplated.

**(j) Trial schedule**. The parties anticipate that the scheduling order to be entered for the new phase will include scheduled pre-trial events with trial to be scheduled if settlement cannot be reached or the case is not otherwise disposed of. The parties do not anticipate requesting an expedited trial date.

**(k) Electronic case management**. The parties know of no special issues relating to electronic case management.

**(l) Other information**. The parties have no other information to report of which the Court should currently be aware.

**Discovery Planning**. The parties intend to engage in discovery, and intend to submit a proposed joint scheduling order, or separate proposals if they cannot agree, which shall include deadlines for fact discovery, disclosure of expert reports, and discovery of experts, as has been the parties' practice in the prior and current phases of the consolidated litigation. As described in (d) above, the parties believe the proposed scheduling order should be deferred at least until completion of Oil and Gas Phase Two.

Dated: April 17, 2007.

Respectfully submitted,

s/ Harry R. Sachse by RBerley w/auth'n
Harry R. Sachse
*Counsel of Record*
William F. Stephens
SONOSKY, CHAMBERS, SACHSE
ENDRESON & PERRY, LLP
1425 K Street, NW, Suite 600
Washington, DC 20005
(202) 682-0240 (Telephone)
(202) 682-0249 (Facsimile)
hsachse@sonosky.com
*Attorneys for Eastern Shoshone Tribe*

s/ Terry M. Petrie by RBerley w/auth'n
Terry M. Petrie
*Counsel of Record*
United States Department of Justice
Environment & Natural Resources Division
General Litigation Section
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1369 (Telephone)
(303) 844-1350 (Facsimile)
terry.petrie@usdoj.gov
*Attorney for United States*

s/ Richard M. Berley
Richard M. Berley
*Counsel of Record*
Brian W. Chestnut
ZIONTZ, CHESTNUT, VARNELL,
BERLEY & SLONIM
2101 4th Avenue, Suite 1230
Seattle, WA 98121
(206) 448-1230 (Telephone)
(206) 448-0962 (Facsimile)
rberley@zcvbs.com
*Attorneys for Northern Arapaho Tribe*